IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KENNETH LUKE and A.C. BROOKS, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:03-CV-256 (DF) |
| THE LINCOLN NATIONAL LIFE INSURANCE CO., ET. AL., | § § § § | |
| Defendants. | § § § | |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff A.C. Brooks' Second Amended Class Action Complaint (Doc. No. 46). This matter was referred United States Magistrate Judge Caroline M. Craven to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Report and Recommendation was entered on November 14, 2005, recommending that Defendants' motion be denied (Doc. No. 61). Defendants filed objections to the report and recommendation on November 30, 2005 (Doc. No. 62). On December 22, 2005, Plaintiffs filed a response to Defendants' objections.

### I.

### STANDARD OF REVIEW

On matters referred to the magistrate under 28 U.S.C. § 636(b), the district court makes a *de novo* determination of those parts of the magistrate's report, findings, or recommendations to which

timely objection is made. 28 U.S.C. § 636(b)(1); *Garcia v. Boldin,* 691 F.2d 1172, 1179 (5th Cir. 1982). The district court may accept, reject, or modify in whole or in part, the magistrate's findings or recommendation. *Id.* at 1179. Upon a *de novo* review, and after reviewing all relevant pleadings, the Court finds Defendants' motion to should be denied. Accordingly, the Court adopts Judge Craven's Report and Recommendation in its entirety, subject to any additional findings and modification herein. Notwithstanding, in accordance with the precedent in this circuit, the Court addresses those issues raised by Defendant's objections below.

## II.

### BACKGROUND

This is a securities class action that was originally filed on December 9, 2003 by Kenneth Luke. Thereafter, Defendants filed a Motion to Dismiss Luke's Amended Complaint on several grounds, including limitations, and on February 22, 2005, Judge Craven issued a Report and Recommendation granting Defendants' Motion to Dismiss in part. Judge Craven ruled solely upon Defendants limitations arguments as to Luke and held that Luke's claims were time-barred. Judge Craven withheld ruling on any other substantive issues set forth in the Motion to Dismiss and, instead, granted Plaintiffs leave to file a Second Amended Complaint adding A.C. Brooks as Lead Plaintiff. On February 28, 2005, Plaintiffs objected to the Report and Recommendation. Notwithstanding Plaintiffs' objections, on March 4, 2005, this Court adopted the Report and Recommendation and dismissed Luke as a Lead Plaintiff.

The suit continued with A.C. Brooks as the Lead Plaintiff (hereinafter "Plaintiff"). Defendants filed a second Motion to Dismiss. On November 15, 2005, Judge Craven issued a second Report and Recommendation (hereinafter "R&R"), this time recommending that Defendants'

Motion to Dismiss the Second Amended Complaint be denied. Specifically, Judge Craven rejected Defendants' limitations argument, finding that inquiry notice is a fact intensive issue which Defendants could not establish on the pleadings, and sustained the sufficiency of Plaintiff's Second Amended Complaint, holding that Plaintiff had adequately pled a claim for securities fraud under the heightened standards of the Private Securities Litigation Reform Act (the "PSLRA").

On November 30, 2005, Defendants objected to the R&R (the "Objections"). Defendants object on the basis that the Complaint does not adequately plea scienter and that Plaintiff's claims are barred by limitations. Defendants also contend that Judge Craven erred in ruling that Lincoln had a duty to disclose the allegedly omitted information.

### III.

### LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes defendants to test the legal sufficiency of a complaint by filing a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The Court may grant a 12(b)(6) motion only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46. The Court thus accepts as true all well-pleded factual allegations and views them in the light most favorable to the plaintiff. *See Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 525 (1983). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include only a "short and plain statement of the claim" whose purpose is to give defendant fair notice of the nature and substance of the claim. *See Conley,* 355 U.S. at 45 (1957).

"A motion to dismiss under Rule 12(b)(6) 'is viewed with disfavor and is rarely granted'"

*Lowrey v. Texas A&M University System,* 117 F.3d 242, 247 (5th Cir. 1997).  This strict standard applied to 12(b)(6) motions is not, however, without its limits.  In order to survive a 12(b)(6) motion, a complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory.  *See In re Plywood Antitrust Lit.,* 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed,* 462 U.S. 1125 (1983).  Moreover, the Court will not assume facts that the plaintiff has not alleged and is not required to accept the legal conclusions either alleged or inferred by the plaintiff from the facts pled.  *McCormack v. NCAA,* 845 F.2d 1338, 1343 (5th Cir.1988).  If a complaint is merely ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, however, the proper remedy is a motion for a more definite statement under Rule 12(e).  *Sisk v. Texas Parks and Wildlife Dept.,* 644 F.2d 1056, 1058 (5th Cir.1981); 5 C. Wright & A. Miller, Federal Practice and Procedure Civil § 1356 at 296-297 (1990).

Federal Rule of Civil Procedure 9(b) requires a plaintiff in a securities fraud case to pled with particularity the circumstances constituting the alleged fraud. *Southland*, 365 F.3d at 362. "To satisfy Rule 9(b)'s pleading requirements, the plaintiff 'must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.*, quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997), cert. denied, 522 U.S. 966 (1997).

### IV.

### DISCUSSION

**A.   SCIENTER**

Defendants argue that Judge Craven's finding that Plaintiff's complaint sufficiently pleas

-4-

scienter is erroneous on three grounds: (1) there are insufficient facts pled to give rise to scienter; (2) any scienter of David Adams ("Adams") cannot be attributed to Defendants because Adams was neither an officer nor employee of Defendants; and (3) Defendants' "motive and opportunity" is insufficient to raise a strong inference of scienter. Notwithstanding, the Court finds scienter is sufficiently pled.

In the R&R, Judge Craven found that Plaintiff's allegation give rise to a strong inference of scienter because Plaintiff adequately pled scienter of Adams, with whom Defendants maintain an agency-principal relationship. R&R at 17. Further, Plaintiff has adequately pled motive and opportunity because Plaintiff "alleges the fees charged by Defendants for their variable annuity contracts are greater than the fees charged for mutual funds." *Id.* (citing Plaintiff's Compl. at ¶¶ 43-44).

The Fifth Circuit has defined scienter as "an 'intent to deceive, manipulate, or defraud' or that 'severe recklessness' in which the 'danger of misleading buyers or sellers ... is either known to the defendant or is so obvious that the defendant must have been aware of it.' " *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 366 (5th Cir. 2004) (quoting *Broad v. Rockwell Int'l Corp.,* 642 F.2d 929, 961-62 (5th Cir.1981)). Further, "[s]evere recklessness is 'limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care.' " *R2 Investments LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005) (quoting *Broad v. Rockwell Int'l Corp.*, 642 F.2d 929, 961-62 (5th Cir.1981). Moreover, the PSLRA requires that plaintiffs "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). Thus, a complaint must allege facts sufficient to raise a

"strong inference" of scienter. *See Southland*, 365 F.3d at 365.

Taken the facts alleged as true, the Court finds Plaintiff's complaint alleges a strong inference of scienter.  Because Plaintiff's Second Amended Complaint contains allegations that Plaintiff purchased a variable deferred annuity from Defendants on June 18, 2001 based on the recommendation of Adams, who knew that Plaintiff already owned a deferred plan, the Court finds that *Southland* does not preclude a finding of scienter as to Adams. *See* Plaintiff's Second Amended Compl. at ¶ 13.  Thus, contrary to Defendants contentions, *Southland* does not preclude a finding of scienter as to the Company, since statements attributed to an individual agent of the company are treated as having been made by the company, provided such statements are made pursuant to the individual's position of authority within the company. *Id.* at 365-66.  Defendants argue that Adams was not acting as an agent and/or is not a corporate official, but rather was acting as an independent broker-dealer when he made the recommendation to Plaintiff.  However, as Judge Craven noted, this is a fact intensive question not properly decided on a 12(b)(6) motion.  Accordingly, the Court finds Judge Craven's finding of scienter was not erroneous.

**B.    LIMITATIONS**

Defendants also argue that Judge Craven erred in holding that Plaintiff's claims are not barred by the one-year statute of limitations.  Defendants assert that they have established, as a matter of law, that Plaintiff was put on inquiry notice years before filing suit.  Specifically, Defendants argue that the "[R&R] does not address irrefutable proof that [Plaintiff] had notice of the exact claim asserted in this lawsuit in March 2000, when a class action suit was filed against [Defendants] alleging the exact same allegations. Defendants' Objections at 6 (citing *Henry v. Lincoln National Life Ins. Co.*, No. CV00-B-1014-S (N.D. Ala., April 18, 2000).  And because

Plaintiff had notice of the same claims alleged here, inquiry notice is established as a matter of law. The Court does not agree. Defendants have failed to meet their burden establishing that Plaintiff was on inquiry notice.

Under Section 10(b) of the Securities and Exchange Act of 1934, claims of securities fraud must be "brought within one year after the discovery of the facts constituting the violation." 15 U.S.C. § 78i(e). The Sarbanes-Oxley Act of 2002, Pub.L. No. 107-204, § 804(a), 116 Stat. 745, 801 (2002) (codified at 28 U.S.C. § 1658), extended the limitations period to two years, but applies only to fraud claims arising on or after the effective date of the Act, July 30, 2002, and does not revive claims that were already time-barred under the prior one-year limitations period. *See In re Enterprise Mortgage Acceptance Co.*, 391 F.3d 401, 411 (2d Cir.2004).

The limitations period begins to run when the plaintiff obtains actual knowledge of the facts giving rise to the action or notice of the facts, which in the exercise of reasonable diligence, would have led to actual knowledge. *See Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 409 (5th Cir. 1998) ("The investor who seeks to blame his investment loss on fraud or misrepresentation must himself exercise due diligence to learn the nature of his investment and the associated risks."). The Fifth Circuit has determined that "[a] plaintiff who has learned of facts which would cause a reasonable person to inquire further must proceed with a reasonable and diligent investigation, and is charged with knowledge of all facts such an investigation would have disclosed." *Jensen v. Snellings,* 841 F.2d 600, 607 (5th Cir.1988). At the point when a plaintiff has knowledge of such facts, a securities fraud action accrues and the statute of limitations begins to run. *Id.* This is often referred to as "inquiry notice," *i.e.*, when a plaintiff has actual knowledge of the facts giving rise to his claims or has notice of facts, which in the exercise of reasonable diligence

should have led to such knowledge. Further, "[s]torm warnings in the form of company-specific information probative of fraud will trigger a duty to investigate." *Lentell v. Merrill Lynch*, 396 F.3d 161, 169 (2d. Cir. 2005). And defendants bear a "heavy burden" in establishing that a plaintiff was on inquiry notice as a matter of law. *See Phillips v. Kidder, Peabody & Co.,* 782 F.Supp. 854, 859 (S.D. N.Y. 1991).

In their objections, Defendants contend that Plaintiff was on inquiry notice of the facts underlying his claims as of March 2000, when a class action suit was filed against Defendants asserting the same claims for the same alleged fraud. Defendants further assert that they disclosed this class action in their SEC filings, including their 10-K filing. Defendants contend that, insofar as knowledge of the public filing is imputed to the plaintiff, and such filings reveal, along with Defendants' 10-K, the pendency of a civil action, the plaintiff should be regarded as having been on inquiry notice of the material facts underlying its claims. Notwithstanding, the Court is unable to conclude that the plaintiff was on inquiry notice of the facts underlying his claims prior to commencement of the instant action.

While such a determination is not precluded on a motion to dismiss, cases so holding have presented circumstances ineluctably leading to such a conclusion. For example, in *Menowitz v. Brown*, 991 F.2d 36 (2d Cir.1993), a case relied on by Defendants, the Second Circuit affirmed the dismissal of a complaint pursuant to Rule 12(b)(6) where the attendant circumstances included a substantial and growing number of civil cases pending against the defendant; two pending class actions; an FTC investigation into the defendant's appraisal methods; a subpoena served by the United States District Attorney for the Southern District of Florida which sought information in connection with a grand jury investigation into the defendant's appraisal methods; and a seizure, by

representatives of the New Jersey Real Estate Commission and the New Jersey Attorney General, of books and records in connection with suspected violations of the New Jersey Real Estate License Act. *See In re General Dev. Corp. Bond Litig.*, 800 F.Supp. 1128, 1136 (S.D.N.Y.1992), aff'd sub nom. *Menowitz v. Brown*, 991 F.2d 36 (2d Cir.1993); *see also In re JWP Inc. Securities Litigation*, 928 F. Supp. 1239 (S.D.N.Y. 1996), as clarified, (June 12, 1996) and related reference, 991 F. Supp. 234 (S.D.N.Y. 1997) (holding that plaintiff noteholders were put on inquiry notice of the defendants' accounting fraud where a press release and reporting form revealed *thirteen* shareholder class action suits) (emphasis added). Comparable circumstances are hardly present in this matter. The Court cannot find, as a matter of law, that Plaintiff was on inquiry notice. *See In In re Ames Dept. Stores, Inc. Note Litigation*, 991 F.2d 968 (2d Cir. 1993) (holding that class action by common stockholders did not put the plaintiff bondholders on notice of their own fraud claims); *Nivram Corp. v. Harcourt Brace Jovanovich, Inc.*, 840 F. Supp. 243 (S.D.N.Y. 1993) (finding the plaintiff was not put on inquiry notice more than a year prior to the commencement of the action as a matter of law by three pending civil actions relating to the same recapitalization plan). Accordingly, the Court finds Judge Craven's findings were not erroneous.

**C.     DUTY OF DISCLOSURE**

Finally, Defendants argue that they did not have a duty to disclose the allegedly omitted information. Therefore, Plaintiff's claims should be dismissed. In Judge Craven's R&R, she found that this argument raises fact issues which cannot be decided on Defendants' motion to dismiss. Without further consideration, the Court agrees. This is unmistakably a fact issue, not meant for 12(b)(6) consideration. Accordingly, the Court adapts Judge Craven's R&R.

## V.

## CONCLUSION

Accordingly, it is hereby ORDERED that Judge Craven's R&R is adopted in its entirety and Defendants' Motion to Dismiss for Notice to Potential Class Members (Doc. No. 46) is DENIED.

**SIGNED this 8th day of February, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE